**159 So. 313**

## HOGH et al. v. BALOGA.

### No. 33103.

Jan. 7, 1935.

Rehearing Denied Feb. 4, 1935.

Wisdom & Stone and Saul Stone, all of New Orleans, for appellants.

Louis E. Jung, of New Orleans, for appellee.

ODOM, Justice.

Plaintiffs are the forced heirs and defendant is a stepdaughter of Henry Hogh, Sr., who died September 2, 1931. Plaintiffs allege that "to the best of their knowledge and belief" their ancestor, Henry Hogh, Sr., donated to the defendant the sum of $5,500 on or about October 28, 1925, which donation, together with one alleged to have been made to defendant's mother, exceeded the disposable portion of his estate as allowed by article 1493 of the Civil Code, by $2,912, and was therefore an "impairment of their legitime" to that extent. Plaintiffs prayed for judgment against the defendant for that sum.

Defendant in answer denied that she had received any sum whatever as a donation from her stepfather, Henry Hogh, Sr. Plaintiffs' demands were rejected by the trial court and their suit ordered dismissed. They appealed.

As the facts are presented to us, the only issue involved is whether Henry Hogh, Sr., did in fact donate the alleged sum to his stepdaughter, the defendant.

It is conceded by defendant that, if he did, the donation exceeded the disposable portion of his estate and impaired plaintiffs' legitime to the extent of $2,912, the amount claimed.

■ It is admitted by their counsel that the burden of proof was upon plaintiffs to show that the donation was made.

■ Henry Hogh, Sr., was thrice married, the last time to widow Teresa Baloga, with whom he was living at the time of his death. The defendant, who is a daughter of Mrs. Hogh by a former marriage, lived with her mother and stepfather, and, in October, 1925, was emancipated at the age of eighteen years. Immediately thereafter she purchased real estate in New Orleans for which she paid $5,500 cash. Plaintiffs' theory is that the money was donated to her by Henry Hogh, Sr. But there is no proof of this.

Henry Hogh, Jr., is a son of Henry Hogh, Sr., and one of the plaintiffs. He was asked, "Do you know how she (meaning the defendant) got the money to buy this property?" and he answered, "Well, through my father. I know of my father having cash." This is as near as plaintiffs came to proving their case. They proved that Henry Hogh, Sr., conducted a news stand in New Orleans for many years and that he was prosperous; that he saved and accumulated; that he could have had and probably did have cash in excess of $5,500, the amount it was alleged on information and belief that he donated to his stepdaughter. But plaintiffs did not and could not show that he actually gave her the money.

Defendant testified positively that her mother gave her the money with which to purchase the property, and further that she had never at any time received any sum whatsoever from her stepfather as a donation. Defendant's mother testified that she gave her daughter the cash with which to purchase

the property. She said the money had been given to her by her first husband with the request that she keep it and give it to their children when they became of age. She said she had kept the money through all the years, and that, when her daughter was emancipated and wanted to purchase the property, she carried out the request of her first husband and gave her daughter the cash.

Counsel for plaintiffs attempted to show that it was improbable that defendant's mother had that much money. No useful purpose would be subserved by relating the testimony offered by plaintiffs to cast doubt upon the question whether defendant's mother had in her possession the money which she says she had. Because the fact remains that plaintiffs have failed to show that their ancestor donated $5,500, or any other sum, to the defendant. Having failed to make such proof, their case necessarily falls.

For the reasons assigned, the judgment appealed from is affirmed.